IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
     Plaintiff,

vs.                          Case No.: 3:15cv145/MCR/EMT

BILL NELSON et al.,
     Defendants.
_____ /

## REPORT AND RECOMMENDATION

Plaintiff Gaye Lynn Dilek Brewer ("Brewer"), a non-prisoner proceeding pro se and in forma pauperis, commenced this action by filing a civil complaint (ECF No. 1). Pending before the court is Brewer's Second Amended Complaint, in which she asserts claims under 42 U.S.C. § 1983 and 42 U.S.C. §§ 2000a, *et seq.*, 2000b *et seq.*, and 2000c *et seq.* (ECF No. 13).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by Brewer, it is the opinion of the undersigned that dismissal of this action is warranted.

I.     PLAINTIFF'S ALLEGATIONS

Brewer names two persons as Defendants, Bill Nelson and Peggy Vignola, both of whom are employed at the West Florida Genealogy Library, a public library of the West Florida Public Library System (ECF No. 13 at 1–2).[1] The relevant factual allegations are the following. Brewer is "a dual Turkish American citizen" (*id.* at 3). In December of 2014, Brewer overheard a conversation between Defendant Nelson and another person, in which Nelson used the word "Turks"

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

and stated "they cause all kinds of problems in Cyprus" (*id.*). Brewer alleges that on March 25, 2015, Defendants "made false comments to run me out" (*id.*). She alleges she has received trespass warnings from the owners or authorized persons at the following properties in Pensacola, Florida: Gull Point Community Center, the YMCA, First United Methodist Church, Olive Baptist Church, and apparently the West Florida Genealogy Library (*id.* at 3–4). Brewer alleges, "It has to be based on my ethnicity as I have never experienced trespassing at all . . . ." (*id.* at 4).

Brewer claims that Defendants' conduct constituted discrimination in public accommodations, in violation of 42 U.S.C. 2000a, *et seq.,* as well as a violation of Titles II and III of the Civil Rights Act of 1964 (ECF No. 13 at 5). She also claims that their conduct violated the Fourth Amendment and deprived her of equal protection guaranteed by the Fifth Amendment (*id.*). As relief, she seeks compensatory and punitive damages in the amount of $20 million from the City of Pensacola (*id.*).

II.     ANALYSIS

Because Plaintiff is proceeding in forma pauperis, the court may dismiss a claim if satisfied that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe Cnty. Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

A.    Claims under 42 U.S.C. § 1983

Brewer claims she was denied equal protection of the law, in violation of the Fourth and Fifth Amendments. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). To state a claim under the Equal Protection Clause, a plaintiff generally must allege that (1) she is similarly situated with other persons who received more favorable treatment; and (2) her discriminatory treatment was based on some constitutionally protected interest. *See* Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted). Thus, in order to assert a viable equal protection claim, a plaintiff must first make a threshold showing that she was treated differently from others who were similarly situated to her. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). The plaintiff must also allege that the defendant acted with the intent to discriminate against her. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or

discriminatory intent are insufficient. <u>GJR Inv., Inc. v. County of Escambia, Fla.</u>, 132 F.3d 1359, 1367–68 (11th Cir. 1998); <u>Coon v. Ga. Pac. Corp.</u>, 829 F.2d 1563, 1569 (11th Cir. 1987). The Equal Protection Clause is also implicated in "class of one" claims. <u>Campbell v. Rainbow City, Ala.</u>, 434 F.3d 1306, 1314 (11th Cir. 2006). A "class of one" equal protection claim does not allege discrimination against a protected class, but rather it alleges that the plaintiff "'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" <u>Griffin Indus. v. Irvin</u>, 496 F.3d 1189, 1202 (11th Cir. 2007) (quoting <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)). The same strict "similarly situated" standard applies whether an equal protection claim is brought under a "class of one" theory or a traditional theory of unlawful discrimination. <i>Id.</i> at 1204–05. Indeed, the "similarly situated" requirement must be rigorously applied in the context of "class of one" claims. <i>See</i> <u>Leib v. Hillsborough Cnty. Pub. Transp. Comm'n</u>, 558 F.3d 1301, 1306 (11th Cir. 2009).

Here, Brewer does not allege she is similarly situated with other persons who received more favorable treatment than her. Furthermore, Brewer alleges no facts that plausibly suggest that Defendant Nelson or Defendant Vignola acted with the intent to discriminate against her on account of her ethnicity. Brewer's allegation that Defendant Nelson used the term "Turks" and stated that "they cause all kinds of problems in Cyprus" during a conversation with a third party is insufficient to plausibly suggest that an intent to discriminate against her. Further, Brewer's assertion of mere personal belief that Defendants' "running her out" of the library "had to be based" upon her ethnicity, simply because she had never been the subject of a trespass warning before she came to Pensacola, are wholly insufficient to state a plausible equal protection claim.

To the extent Brewer asserts a Fourth Amendment claim, it is devoid of any factual support. She does not allege any facts suggesting that Defendant Nelson or Defendant Vignola either searched or seized her. Therefore, she failed to state a plausible Fourth Amendment claim.

B.   <u>Claims under Civil Rights Act of 1964</u>

Brewer asserts claims under 42 U.S.C. §§ 2000a, 2000b, and 2000c. Section 2000a prohibits discrimination in places of public accommodation. The statutory definition of "place of public

accommodation" does not include public libraries.[2]  Therefore, Brewer has no plausible claim against Defendants under § 2000a.

Section 2000b prohibits discrimination on the basis of race, color, religion, or national origin in public facilities, such as libraries.  To state a prima facie case of discrimination under § 2000b, Brewer must satisfy the same elements as a claim of discrimination under the Equal Protection Clause.  *See* Hall v. Ala. Ass'n of School Bds., 326 F.3d 1157, 1167 (11th Cir. 2003).  For the same reasons that Brewer's equal protection claim fails, as discussed *supra*, her Section 2000b claim also fails.

Section 2000c prohibits discrimination in public schools.  *See* 42 U.S.C. § 2000c.  The statutory definitions of "public school" and "public college" do not include public libraries.[3]  Therefore, Brewer has no plausible claim against Defendants under § 2000c.

As a final matter, the court notes that Brewer does not seeks relief from either Defendant; instead, she seeks relief only from the City of Pensacola (*see* ECF No. 13 at 5).  Brewer does not

---

[2] The statute defines "place of public accommodation" as including the following:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a(b).

[3] The statute defines "'public school' [as] any elementary or secondary educational institution, and 'public college' [as] any institution of higher education or any technical or vocational school above the secondary school level, provided that such public school or public college is operated by a State, subdivision of a State, or governmental agency within a State, or operated wholly or predominantly from or through the use of governmental funds or property, or funds or property derived from a governmental source."  42 U.S.C. § 2000c.

Case No.: 3:15cv145/MCR/EMT

name the City as a Defendant, nor do her factual allegations suggest a basis for holding the municipality liable.  Therefore, she is not entitled to the relief she requests.

      C.    <u>State Law Claims</u>

To the extent that Brewer's Second Amended Complaint could be liberally construed as asserting a state law claim, or to the extent such a claim could be asserted in a proposed amended complaint, the claim should be dismissed without prejudice to her pursuing it in state court.  It is well established that once a plaintiff's federal claims are dismissed, there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over any state claims against a defendant.  *See* <u>Baggett v. First Nat'l Bank of Gainesville</u>, 117 F.3d 1342, 1352 (11th Cir. 1997).  Title 28 U.S.C. § 1367(c)(3) provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction.  *See also* <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 725–26, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction.  <u>Baggett</u>, 117 F.3d at 1353 (citing <u>Palmer v. Hosp. Auth. of Randolph Cnty.</u>, 22 F.3d 1559, 1569 (11th Cir. 1994); <u>Exec. Software N. Am. v. U. . Dist. Court</u>, 15 F.3d 1484, 1493 (9th Cir. 1994); <u>New England Co. v. Bank of Gwinnett Cnty.</u>, 891 F. Supp. 1569, 1578 (N.D. Ga. 1995); <u>Fallin v. Mindis Metals, Inc.</u>, 865 F. Supp. 834, 841 (N.D. Ga. 1994)).  The Eleventh Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial.  *See* <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004).

Taking these factors into account in this case, the court concludes that any state law claim asserted by Brewer should be dismissed to permit her to pursue it in a more appropriate forum. While it would be convenient for Brewer to continue litigating her case in this court, this court has a substantial number of original jurisdiction cases awaiting review, and neither judicial economy nor fairness to other litigants support retaining jurisdiction of Brewer's state claim(s) and delaying justice in other cases.  Furthermore, the state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so.  Moreover, the supplemental jurisdiction statute contains a tolling provision.  *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is

pending and for a period of 30 days after it is dismissed"); <u>Personalized Media Commc'ns, LLC v. Scientific-Atlantic, Inc.</u>, 493 F. App'x 78, 82 n.1 (11th Cir. 2012) ("'Section 1367(d), giving the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction, removes the principal reason for retaining a case in federal court when the federal claim belatedly disappears.'") (citation omitted).  In <u>Krause v. Textron Fin. Corp.</u>, 59 So. 3d 1085 (Fla. 2011), the Supreme Court of Florida held that Florida state law claims are tolled while they are pending in federal court, and the plaintiff shall have 30 days after dismissal by the federal court to re-file in state court.  *See id.* (citing 28 U.S.C. § 1367).  This is specifically "to prevent the limitations period from expiring" on any Florida state law claim while it is being pursued in federal court in conjunction with the federal claim.  *Id.* at 1091.  Therefore, Brewer's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

III.    CONCLUSION

Brewer's allegations fail to state a plausible federal claim on which relief may be granted; therefore, her federal claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the court should decline to exercise supplemental jurisdiction over any state law claims asserted by Brewer; therefore, those claims should be dismissed without prejudice.

For the foregoing reasons, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's federal claims be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      That Plaintiff's state law claims be **DISMISSED without prejudice**.

3.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 6<u>th</u> day of November 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**